### In re SMITH.

#### (District Court, D. Connecticut. September 29, 1902.)

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—WAIVER OF OBJECTIONS TO JURISDICTION.

    An alleged bankrupt, who files a motion to dismiss the petition against him, and appears in court to testify in support of allegations made therein, thereby waives any merely technical objection to the jurisdiction of the court over his person and estate.

In Bankruptcy. On motion for rule to set aside and dismiss involuntary petition.

Hotchkiss & Asher and D. Strouse, for petitioners.

Chas. B. Matthewman, for respondent.

PLATT, District Judge. This is a petition in involuntary bankruptcy, which, in most respects, is free from criticism. The respondent appeared, and on the 14th day of August, 1902, filed his motion asking to have the petition dismissed for the following reasons:

117 F.—61

"(1) That the petition is not signed and verified in the manner prescribed by law.

"(2) That the petition was not filed in duplicate, as required by the bankruptcy act.

"(3) That no order to show cause upon the creditors' petition has been served on the respondent.

"(4) That said petition was not served on the respondent five days before the return day thereof, to wit, said petition was not otherwise served upon the respondent than by the marshal's leaving with the respondent a paper purporting to be a copy of said petition for the alleged bankrupt on the 31st day of July, A. D. 1902."

The petitioning creditors, on September 6, 1902, filed the following reply:

"(1) Paragraphs 1, 2, 3, of said motion are denied. (2) In answer to paragraph 4 the petitioning creditors say: (a) The subpoena dated July 25, 1902, summoning the alleged bankrupt to appear before said district court at Hartford on August 4, 1902, was duly served upon the alleged bankrupt on July 26, 1902, and at the same time a copy of said creditors' petition was placed in the hands of said alleged bankrupt by the officer serving said subpoena. (b) On July 31st, the officer who made the service described in paragraph 'a' of this answer made further service upon the alleged bankrupt by leaving in his hands a duplicate of said creditors' petition."

On the 22d of September, 1902, the respondent filed the following paper:

"In the District Court of the United States for the District of Connecticut.

"In the Matter of Herman E. Smith, Alleged Bankrupt.

"Subsequent to the filing of a motion to set aside and dismiss the petition on the 14th day of August, 1902, respondent alleges the following facts as having occurred, and as additional grounds for the dismissal of said petition:

"(5) On the 2d day of September, 1902, the said Stoddard, Gilbert & Company returned an action to the court of common pleas for New Haven county against J. F. Clouse and respondent for the same promissory note and claim as alleged in said petition as due them from respondent, and said action is now pending in said court. A copy of said action is hereto annexed, and marked 'Exhibit A.'

"(6) On and before the 27th day of May, 1902, John H. Kearney was proprietor of a grocery store situated on Edgwood avenue, in said New Haven, and is the same Kearney mentioned in creditors' petition.

"(7) On said 27th day of May, 1902, the said John H. Kearney was duly adjudged a bankrupt upon a petition filed by him in this court, and the matter was referred to Henry G. Newton, Esq., one of the referees in bankruptcy of this court.

"(8) On and before the 15th day of August, 1902, the said petitioner the F. C. Bushnell & Company made proof of claim against the said estate of John H. Kearney in bankruptcy, as aforesaid, to the amount of $228.48, and is the same claim as alleged in said creditors' petition as due the said the F. C. Bushnell & Company from the respondent.

"(9) That on the 15th day of August, 1902, the said petitioner the L. C. Bates Company made proof of claim against the said estate of John H. Kearney in bankruptcy, as aforesaid, to the amount of $142.60, and being same claim as alleged in said creditors' petition as due. the said the L. C. Bates Company from respondent.

"(10) On said 15th day of August, 1902, the said referee did order a dividend of twenty-seven per cent. (27%) to be paid upon the claims of the F. C. Bushnell & Company and the L. C. Bates Company.

"Herman E. Smith.

"Subscribed and sworn to before me this 22nd day of September, A. D. 1902
"Omar W. Platt,
"Commissioner of the Superior Court for New Haven County."

On the 26th day of September counsel for all parties were before the court, and were fully heard. Counsel for respondent produced the alleged bankrupt in person, who, after being duly sworn, took the witness stand, and was interrogated as to the jurisdictional questions in dispute, and was further offered in support of the facts alleged in the paper filed September 22d. The court, being of the opinion that such facts, if of any value, should be presented in answer to the allegations of the petition, declined to receive the testimony of the witness at that time, but gave, both at the hearing and since, patient attention to the points presented by counsel for the respondent in support of his application to dismiss the petition for lack of jurisdiction.

It seems unnecessary to enter into an elaborate review of the points made and the reasoning advanced pro and con relating to those points. When counsel for respondent filed the paper of September 22d, and supplemented that action by bringing the alleged bankrupt into the presence of the court for the purpose of strengthening, by his oath, certain allegations, which are valueless, unless they go to the merit of the controversy, it seems very clear that any fact which goes simply to the question of whether the court had acquired jurisdiction of the person and estate of the alleged bankrupt was waived by the alleged bankrupt himself.

Let an order be entered denying the motion, with costs.